IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Joe R. Blurton,                           )
                                          )
                    Petitioner,           )
                                          )       Case No: 3:11-cv-28
            v.                            )
                                          )              **ORDER**
Donald Redman,                            )
                                          )
                    Respondent.           )

Petitioner Joe R. Blurton ("Blurton") filed a petition for habeas relief under 28 U.S.C. §
2254 and a supplement to the petition.  (Docs. #2, #3).  When a prisoner seeks redress from a
governmental entity the court must conduct an initial review of the petition prior to service upon
the respondent.  28 U.S.C. § 1915A(a).  On initial review the court must identify cognizable
claims or dismiss the petition, or any part of it, that is frivolous, malicious, or fails to state a
claim upon which relief can be granted.  28 U.S.C. § 1915A(b).

Blurton pled guilty to the charge of gross sexual imposition.  See State v. Blurton, Cass
County, Case No. 09-07-K-03531.  He was sentenced to twenty years of imprisonment with
fifteen years suspended, and five years of supervised probation.  Id.  Blurton appealed from the
state court judgment on the grounds that his guilty plea was not knowingly, voluntarily or
intelligently made, there was not a sufficient factual basis for the plea, his counsel was
ineffective, and there was prosecutorial misconduct and evidence manipulation.  See State v.
Blurton, 2009 ND 144, 770 N.W.2d 231.  The North Dakota Supreme Court affirmed the state
district court's judgment.  Id.  Blurton filed a petition for a writ of certiorari which was denied by
the United States Supreme Court.  See http://www.ndcourts.gov/_court/docket/20090009.htm.
The North Dakota Supreme Court issued its mandate on November 24, 2009.  Id.

On January 6, 2010, Blurton filed a state petition for post-conviction relief.  See Blurton v. State, Cass County, Case No. 09-2010-CV-00028.  Blurton claimed he was entitled to relief because his arrest and prosecution lacked probable cause, his guilty plea was coerced, his plea agreement was not revealed to the state district court, he did not understand the charge against him, he was denied due process, he was subjected to double jeopardy, his conviction was not supported by a factual basis, his sentence constitutes cruel and unusual punishment, and he received ineffective assistance of counsel.  (Docs. #2-1, #2-2).  The state district court denied Blurton's request for post-conviction relief.  Id.  Blurton appealed from the order denying his application for post-conviction relief on the grounds that there was prosecutorial misconduct, he received ineffective assistance of counsel, he was denied due process, the prosecution failed to disclose exculpatory evidence, and he was legally and factually innocent.  Blurton v. State, 2010 ND 223, 795 N.W.2d 37 (unpublished table decision).  The North Dakota Supreme Court summarily affirmed the state district court's order.  Id.  The North Dakota Supreme Court issued its mandate on January 14, 2011.  See http://www.ndcourts.gov/_court/docket/20100182.htm.

Blurton timely filed his habeas petition on March 14, 2011.  Blurton raised four grounds for relief and several other claims in the facts supporting each ground.  Blurton contends his guilty plea was not voluntarily, knowingly and intelligently made, and it was not supported by a factual basis.  He claims he was denied due process with regard to his motion to withdraw his guilty plea because his counsel erroneously informed the court that Blurton did not wish to pursue the motion.  Blurton alleges he was denied assistance of counsel at several points throughout the criminal process, and when he did have counsel, counsel's assistance was ineffective.  Finally, Blurton contends the North Dakota Supreme Court refused to allow him to utilize notes, briefs, or papers during his oral argument on direct appeal.

2

## EXHAUSTION REQUIREMENT

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement.  Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  Section 2254(b)(1), 28 U.S.C., provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).  The exhaustion doctrine requires a state prisoner to "give state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"To satisfy the exhaustion requirement, [Blurton] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing that the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law").  "To 'fairly present' his claim, the petitioner must present the same facts and legal theories to the state court that he later presented to the federal courts."  Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994).  In addition, petitioner must refer to "a specific federal constitutional right, a particular constitutional

provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in a claim before the state court.  <u>Martin v. Solem</u>, 801 F.2d 324, 330 (8th Cir. 1986).  "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made."  <u>Id.</u>  Furthermore, general appeals to broad constitutional principles, such as due process, are insufficient to establish exhaustion. <u>Gray v. Netherland</u>, 518 U.S. 152, 163 (1996).

Voluntary Plea

Blurton contends that his guilty plea was not voluntary because he was coerced to plead guilty due to the nature of the "malicious" charges against him, because he was held as a pretrial detainee in an "oppressive" manner, and because the amount of the bail set by the court put mental and financial pressure on Blurton to plead guilty.   Blurton also claims his counsel did not assert his constitutional rights for him, which forced him to plead guilty.

Blurton proceeded pro se on direct appeal from his criminal conviction and on appeal from the state district court's order denying his application for post-conviction relief.  The court has reviewed all of Blurton's briefs filed with the North Dakota Supreme Court.  <u>See</u> http://www.ndcourts.gov/_court/calendar/20090009.htm, <u>State v. Blurton</u>, 2009 ND 144, 770 N.W.2d 231, Appellant Brief and Reply Brief; http://www.ndcourts.gov/_court/calendar/20100182.htm, <u>Blurton v. State</u>, 2010 ND 223, 795 N.W.2d 37 (unpublished table decision), Appellant Brief and Reply Brief.

Blurton claimed on direct appeal that his plea was not voluntary because the state district court did not comply with the requirements under Rule 11 of the North Dakota Rules of Criminal Procedure.  <u>See</u> <u>State v. Blurton</u>, 2009 ND 144, 770 N.W.2d 231, Appellant Brief at pp. 2-3, 7-8;

4

see also State v. Blurton, 2009 ND 144, 770 N.W.2d 231 (stating that Rule 11 of the North

Dakota Rules of Criminal Procedure provides a framework for determining whether a plea is

voluntary, and finding that Blurton's guilty plea was voluntary).  Although Blurton's claim in his

federal habeas petition is similar to the claim he made in state court, since both alleged his guilty

plea was not voluntary, he did not satisfy the fair presentation requirement, since the federal

claim is based on different factual grounds than his claim on direct appeal.  Furthermore, if

Blurton contends his claim in his federal habeas petition is the same as his claim on direct

appeal, this court can not consider the claim because it only implicates an error of state law.

"[E]rrors of state law are not cognizable in federal habeas courts."  Nance v. Norris, 392 F.3d

284, 289 (8th Cir. 2004).  "[I]t is not the province of a federal habeas court to reexamine state-

court determinations on state law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

In addition, on appeal from the state district court's order denying Blurton's application

for post-conviction relief, Blurton did not fairly present his claim that he was coerced into

pleading guilty.  Blurton labeled the sections of his state court brief with the issues he wanted

addressed as follows: "PROSECUTORIAL MISCONDUCT," "INEFFECTIVE ASSISTANCE

OF COUNSEL," "ASSERTIONS OF LEGAL AND FACTUAL INNOCENCE,"

"PROCEDURAL FAILURE," and "BRADY EVIDENCE: GUILTY PLEAS AND

PUNISHMENT."  Blurton v. State, 2010 ND 223, 795 N.W.2d 37 (unpublished table decision),

Appellant Brief at pp. 1, 11, 20, 23, 26.  The claims considered by the North Dakota Supreme

Court included prosecutorial misconduct, ineffective assistance of counsel, legal and factual

innocence, procedural errors and denial of due process, and failure of the prosecution to disclose

material exculpatory evidence.  Blurton v. State, 2010 ND 223, 795 N.W.2d 37 (unpublished

table decision).  Blurton only raised inklings of his present claim in his state appellate court briefs.  See Id., Appellant Brief at pp. 6-7, Reply Brief at p. 7.  The inklings of his claim were not enough to fairly present his claim to the state's highest court.  This is especially true considering Blurton labeled his claims in all caps within his brief and none of those issues included a claim that he was coerced into pleading guilty.

<u>Knowing and Intelligent Plea</u>

Blurton contends that his plea was not knowing and intelligent because he did not understand the nature of the charge to which he pled, the penalty for that charge, or the requirements of mandatory probation, sex offender registration, and the prohibition of his presence within a certain distance of a school zone.  Blurton did not raise the claim on appeal from the state district court's order denying his application for post-conviction relief.  On direct appeal Blurton claimed that his plea was not knowing and intelligent because the state district court did not comply with the requirements under Rule 11 of the North Dakota Rules of Criminal Procedure.  See State v. Blurton, 2009 ND 144, 770 N.W.2d 231, Appellant Brief at pp. 2-3, 7-8; see also State v. Blurton, 2009 ND 144, 770 N.W.2d 231 (stating that Rule 11 of the North Dakota Rules of Criminal Procedure provides a framework for determining whether a plea is knowing and intelligent, and finding that Blurton's guilty plea was knowingly and intelligently entered).

Although this claim in Blurton's federal habeas petition is also similar to the claim he made in state court on direct appeal, it once again does not satisfy the fair presentation requirement.  Also once again, if Blurton contends his claim in his federal habeas petition is the same as his claim on direct appeal, this court can not consider the claim because it only implicates an error of state law.  See Nance, 392 F.3d at 289; Estelle, 502 U.S. at 67-68.

<u>Due Process</u>

Blurton contends that he was denied due process because his attorney erroneously told the court that Blurton no longer wished to pursue his motion to withdraw his guilty plea.  It appears Blurton raised this claim before the state district court in his petition for post-conviction relief.  (Doc. #2-2, p. 3).  However, Blurton did not raise the claim on appeal from the state district court's order denying his petition, which is required to properly exhaust a claim.  <u>See</u> <u>O'Sullivan</u>, 526 U.S. at 845.

<u>Other Claims Not Fairly Presented to the State Courts</u>

Blurton contends that he was denied counsel at his arraignment,[1] that the State and his attorney acted in collusion to deny him counsel for his direct appeal, and that the North Dakota Supreme Court refused to allow him to utilize notes, briefs, or papers during his oral argument on direct appeal.  After reviewing Blurton's briefs filed with the North Dakota Supreme Court, it is apparent that Blurton has not presented these claims to the state courts.

**PROCEDURAL DEFAULT DOCTRINE**

Blurton's claims that were not fairly presented to the state courts in the trial court proceedings leading to his judgment of conviction and sentence, on direct appeal, or in his state post-conviction proceedings are now barred from state court review for misuse of process because Blurton inexcusably failed to raise his claims in the prior proceedings.  <u>See</u> N.D. Cent. Code § 29-32.1-12(2); <u>State v. Steen</u>, 2007 ND 123, ¶ 17, 736 N.W.2d 457, 462; <u>Laib v. State</u>, 2005 ND 187, ¶ 6, 705 N.W.2d 845, 848; <u>Johnson v. State</u>, 2004 ND 130, ¶ 13, 681 N.W.2d 769,

---

[1]  The court notes that Blurton referred to having counsel at his first appearance and arraignment in his brief filed with the North Dakota Supreme Court.  <u>See</u> <u>Blurton v. State</u>, 2010 ND 223, Appellant Brief at pp. 3, 12.

775-76.  Although those claims are technically exhausted because Blurton is ineligible for state relief, his claims are nevertheless barred from federal review because Blurton did not exhaust his claims properly.  Welch v. Lund, 616 F.3d 756, 759 (8th Cir. 2010).  "A failure to exhaust remedies in accordance with state procedure results in procedural default of the prisoner's claims."  Id. at 758 (citation omitted).

In addition, Blurton's claim that the factual basis for his plea was based upon hearsay and was not supported by the record, assuming it properly raises a federal question, is also procedurally defaulted because the North Dakota Supreme Court found that "[b]ecause Blurton pled guilty and admitted the factual basis proposed by the State was correct, he waived the right to argue the evidence was insufficient to support the factual basis."  See State v. Blurton, 2009 ND 144, ¶ 18, 770 N.W.2d 231, 237 (citing McMorrow v. State, 2003 ND 134, ¶ 5, 667 N.W.29 577).  A federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729 (1991).

The procedural bar prevents this court from reviewing Blurton's defaulted claims unless Blurton demonstrates cause and prejudice for the default, or that a miscarriage of justice will result if the court does not address the merits of his procedurally defaulted claims.  McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  Blurton states in his federal habeas petition that he exhausted his claims "to the best of [his] 'pro se' abilities."  (Doc. #2, p. 12).  Blurton cannot make the threshold showing of cause.   Pro se status and lack of familiarity with the court system does not constitute cause.  Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988).  Blurton also has not demonstrated that this court's failure to consider his claims will result in a fundamental miscarriage of justice.

## DENIAL OF ASSISTANCE OF COUNSEL

Blurton contends he was denied assistance of counsel in making his motion to withdraw his guilty plea. It appears Blurton raised this claim for the first time in his brief filed with the North Dakota Supreme Court on appeal from the denial of his state petition for post-conviction relief. See Blurton v. State, 2010 ND 223, 795 N.W.2d 37 (unpublished table decision), Appellant Brief at p. 18. The North Dakota Supreme Court summarily affirmed the state district court's order without commenting on whether Blurton's claim was subject to a state procedural bar. "When a state court decides an issue on the merits despite a possible procedural default, no independent and adequate state ground bars consideration of that claim by a [federal] habeas court." Niederstadt v. Nixon, 505 F.3d 832, 835 (8th Cir. 2007) (quoting Sweer v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997)).

In his state court brief Blurton claimed that after his first attorney withdrew and before his new attorney was appointed, he filed his motion to withdraw his guilty plea pro se without giving up his Sixth Amendment right to counsel. Blurton v. State, 2010 ND 223, Appellant Brief at p. 18. Blurton fails to recognize that his first counsel withdrew at Blurton's request, and the state district court appointed new counsel shortly thereafter to help Blurton decide if he wanted to proceed with his motion. Blurton's claim that he was denied his Sixth Amendment right to counsel in making his motion to withdraw his guilty plea is frivolous.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Blurton makes several claims of ineffective assistance of counsel throughout his petition. Blurton says his counsel was ineffective in asserting his rights, which resulted in his forced plea of guilty in "self-defense." However, this court has already found Blurton did not fairly present his claim that his guilty plea was not voluntarily to the state courts, which includes his claim that

9

he was coerced into pleading guilty by his attorney, and that claim is barred from federal review. See supra pp. 4-6, 7-8.

Blurton contends that his counsel "allowed" the North Dakota Supreme Court to affirm the state district court's order denying his state petition for post-conviction relief by summary disposition. Blurton has not raised this claim before the state courts. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). In the interest of judicial economy this court addresses the merits of the claim and finds it is frivolous. Blurton proceeded pro se in his appeal and even if he had been represented by counsel, an attorney cannot prevent the North Dakota Supreme Court from affirming an order pursuant to N.D.R.App.P. 35.1.

## CONCLUSION

Blurton's claims that his guilty plea was not voluntary, knowing, and intelligent, that he was denied due process because his attorney erroneously told the court that Blurton no longer wished to pursue his motion to withdraw his guilty plea, that he was denied counsel at his arraignment, that the State and his attorney acted in collusion to deny him counsel for his direct appeal, that the North Dakota Supreme Court refused to allow him to utilize notes, briefs, or papers during his oral argument on direct appeal, and that the factual basis for his plea was based upon hearsay and was not supported by the record are all procedurally defaulted. Blurton's claims that he was denied his Sixth Amendment right to counsel in making his motion to withdraw his guilty plea and that his counsel "allowed" the North Dakota Supreme Court to affirm the state district court's order denying his state petition for post-conviction relief by summary disposition are frivolous.

**IT IS ORDERED** that Joe R. Blurton's petition for habeas relief (Doc. #2) **BE DISMISSED** with prejudice.  Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)).  If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).

Additionally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated this 23rd day of May, 2011.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge